**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **RICARDO JIMENEZ, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. 1:13-CV-340** |
| | ) | |
| **AL THOMSPON, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

Before the Court is a Joint Motion for Entry of Stipulated Protective Order submitted by

the parties (Docket # 48), seeking the Court's approval of a proposed Stipulated Protective Order

pursuant to Federal Rule of Civil Procedure 26(c).  Because the proposed order is deficient in

two ways, it will be DENIED.

 Rule 26(c)(7) allows the Court to enter a protective order for good cause shown. *See*

*Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999).

Accordingly, a protective order must extend only to "properly demarcated categor[ies] of

legitimately confidential information." *Id.*

Here, the proposed definition of "Confidential" seeks to protect the personnel records of

all current or former employees of Defendant CRST Specialized Transportation, Inc. (Proposed

Stipulated Protective Order ¶ 2.)  But "not all information in an employee's personnel file is

considered private." *Little v. Mitsubishi Motor Mfg. of Am., Inc.*, No. 04-1034, 2006 WL

1554317, at *4 (C.D. Ill. June 5, 2006).  For example, "there is nothing confidential about an

employee's job title, job description, hiring date, or work assignment and location." *Id.*; *see also*

*Smith v. City of Chicago*, No. 04 C 2710, 2005 WL 3215572, at *2 (N.D. Ill. 2005).  Therefore,

this proposed category of confidential information is overly broad.

Also, paragraph 10 of the proposed order states that it shall continue to be binding after the conclusion of the litigation and that the Court shall retain jurisdiction after the conclusion of the action. But the Court is unwilling to enter a protective order that suggests the Court retain jurisdiction of any kind after the resolution of the case. *E.E.O.C. v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

It is important to remember that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Cincinnati Insurance*, 178 F.3d at 945-46. Accordingly, a protective order "may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard v. Humke*, No. IP 01-1103-C-H/K, 2003 WL 1702256, at *2 (S.D. Ind. Mar. 28, 2003).

For these reasons, the Court DENIES the Joint Motion for Entry of Stipulated Protective Order. (Docket # 48.) The parties may, however, submit a revised proposed protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law.

SO ORDERED. Enter for this 24th day of September, 2014.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

2